UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MENDOZA, | CV F 05-0456 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 10] |
| WARDEN J. SOLIS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss. Petitioner opposes the motion.

**PROCEDURAL HISTORY**

Petitioner is confined pursuant to judgment entered against him in Fresno County Superior Court on September 21, 1998. The court imposed a state prison term of 17 years for violaton of Penal Code section 666 plus prior convictions within the meaning of Penal Code Sections 666(b)-(I), 1170.12(a)-(e), and 667.5(b).

On March 30, 1999, Petitioner filed a direct appeal with the California Court of Appeal for

the Fifth Appellate District ("Court of Appeal"). The Court of Appeal issued its opinion on January 28, 2000, and struck a five year prior conviction and a one year prior conviction. The Court of Appeal remanded the case back to Superior Court to determine whether to impose or strike a one-year prior and prepare an amended abstract of judgment reflecting the ordered modifications. Petitioner did not file a petition for review and the remititur was issued on March 29, 2000.

On June 1, 2004, Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court. The court denied the petition on June 21, 2004, deciding the petition on the merits but noting that Petitioner had not acted with diligence.

On August 2, 2004, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal, which denied the petition on August 12, 2004. On September 23, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on February 16, 2005. Petitioner filed the present petition on March 25, 2005.

## LEGAL STANDARD

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 25, 2005, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is barred by the statute of limitations. Respondent correctly states that because Petitioner did not file a petition for review following the issuance of the Court of Appeal's opinion on January 28, 2000, his judgment became final on the expiration of time for seeking direct review to the California Supreme Court. See 28 U.S.C. Section 2244(d)(1). In California, a conviction becomes final 40 days after the California Court of Appeal files its opinion. See Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal.Civ.Proc. Code section 12a; Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). Petitioner's conviction thus became final on March 9, 2000, forty days after the Court of Appeal issued its opinion on January 28, 2000. Based on this, Respondent concludes that the statute of limitations expired on March 9, 2001, and that Petitioner's present petition, filed March 25, 2005, is barred by the statute of limitations.

In response, Petitioner contends that he is entitled to equitable tolling of the statute of limitations for the time period between the time his judgment became final on March 9, 2000, and the filing of his first state habeas corpus petition on June 1, 2004.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if

1  'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on
2  time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
3  file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
4  Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at
5  1288-1289.

6  　　　　In this case, Petitioner claims that circumstances beyond his control caused his tardiness in
7  filing his initial state court habeas corpus petition.  He states that he was delayed by the failure of his
8  trial counsel and appellate counsel to cooperate with frankness and to furnish Petitioner with records
9  essential to his claim for relief.   Petitioner provides a list of eight exhibits documenting his efforts,
10 beginning in February 2000 and continuing through March 2003, to obtain his trial court records.
11 These exhibits document that his appellate counsel informed Petitioner that he would be returned to
12 court in several months and that his trial records would be forwarded to his trial attorney.  This, in
13 fact, was not correct, as Petitioner was never returned to court.  The exhibits also document
14 Petitioner's efforts to obtain his records from the Central California Appellate Program, the trial
15 court, and, finally his trial counsel.  Petitioner's exhibits show that there was a gap of more than two
16 years between the time that Petitioner requested his records from his trial counsel and the time he
17 received his partial file, and even longer before he received his trial transcript.

18 　　　　In Lott v. Mueller, 304 F.3d 918 (9th cir. 2002), the Ninth Circuit held that equitable tolling
19 may apply to toll the one-year statute of  limitations under 28 U.S.C. section 2244(d)(1), to permit
20 federal review of a habeas petition, where the alleged denial of access to legal files may amount to
21 extraordinary circumstances. The court emphasized that with respect to equitable tolling, the result
22 of other Ninth Circuit cases has turned on an examination of detailed facts.

23 　　　　After reviewing the facts in this case, the court finds that Petitioner has indeed demonstrated
24 the existence of extraordinary circumstances beyond his control which greatly delayed the filing of
25 his original state habeas corpus petition.  The court notes that in denying his petition, the Superior
26 Court noted that Petitioner's documentation did not establish that he had acted with diligence.
27 However, without knowledge of what documentation the Superior Court was reviewing, or what
28 standard it was applying, this court does not find the Superior Court's conclusion persuasive as to

whether extraordinary circumstances existed. Further, this court notes that once Petitioner was able to file his initial petition in state court, he was prompt in filing his succeeding petitions in the Court of Appeal, the California Supreme Court, and this court. Accordingly, this court finds that Petitioner is entitled to equitable tolling of the statute of limitations from March 9, 2000, until the time that Petitioner had access to his legal files.

One of Petitioner's exhibits is a copy of a letter from Barker & Associates, dated March 24, 2003, stating in part that Petitioner's file had been sent to him and should be received simultaneously with the letter. Also among Petitioner's exhibits is a letter dated July 18, 2003, stating that a copy of Petitioner's trial transcript was enclosed. The court concludes, therefore, that the statute of limitations for the filing of Petitioner's present federal habeas corpus petition should be equitably tolled until at least a few days after July 18, 2003, to allow time for mailing of the trial transcript.

Petitioner filed his habeas corpus petition in Superior Court on June 1, 2004, a minimum of 48 days before the one-years statute of limitations expired (assuming the statute began running on July 18, 2003). The statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time state post-conviction proceedings are "pending," and that tolling applies "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge," Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999). Thus, the statute was tolled under Section 2254(d)(2) from June 1, 2004, until the California Supreme Court denied the petition on February 16, 2005. The statute of limitations then began running again and ran for 37 days until Petitioner filed the present petition on March 25, 2005. Because at least 48 days still existed in the one-year statutory period, Petitioner filed the present petition before the statute of limitations for this action expired, and the petition is not barred by statute.

Based on the above, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be DENIED and that Respondent be ordered to respond to this petition on the merits.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 12, 2007**          /s/  William M. Wunderlich
mmkd34                                    UNITED STATES MAGISTRATE JUDGE