1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18

| | |
|---|---|
| DANIEL MENDOZA, | CV F 05-0456 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN J. SOLIS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C.

19
20

Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

21

636(b)(1)(B) and Local Rule 72-302.

22

### PROCEDURAL HISTORY

23

Petitioner is confined pursuant to judgment entered against him in Fresno County Superior Court

24

on September 21, 1998.  The court imposed a state prison term of 17 years for violation of Penal Code

25

section 666 plus prior convictions within the meaning of Penal Code Sections 666(b)-(I), 1170.12(a)-(e),

26

and 667.5(b).

27

On March 30, 1999, Petitioner filed a direct appeal with the California Court of Appeal for the

28

Fifth Appellate District ("Court of Appeal").  The Court of Appeal issued its opinion on January 28,

2000, and struck a five year prior conviction and a one year prior conviction. The Court of Appeal remanded the case back to Superior Court to determine whether to impose or strike a one-year prior and prepare an amended abstract of judgment reflecting the ordered modifications. Petitioner did not file a petition for review and the remittitur was issued on March 29, 2000.

On June 1, 2004, Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court. The court denied the petition on June 21, 2004, deciding the petition on the merits but noting that Petitioner had not acted with diligence.

On August 2, 2004, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal, which denied the petition on August 12, 2004. On September 23, 2004, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The court denied the petition on February 16, 2005. Petitioner filed the present petition on March 25, 2005. On March 22, 2007, the court denied Respondent's motion to dismiss.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is

1    governed by its provisions.

2    <u>STANDARD OF REVIEW</u>

3        This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

4 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

5 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

6        The AEDPA altered the standard of review that a federal habeas court must apply with respect

7 to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct.

8 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless

9 the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

10 application of, clearly established Federal law, as determined by the Supreme Court of the United

11 States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light

12 of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123

13 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d

14 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may

15 not issue the writ simply because that court concludes in its independent judgment that the relevant state-

16 court decision applied clearly established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174

17 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

18        While habeas corpus relief is an important instrument to assure that individuals are

19 constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

20 <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction

21 is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619,

22 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed

23 correct, and the federal court must accept all factual findings made by the state court unless the petitioner

24 can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

25 <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct.

26 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

27 *//*

28 *//*

1

**DISCUSSION**

2    Ineffective Assistance of Trial Counsel

3        Petitioner contends that he was deprived of effective assistance of trial counsel, alleging

4    generally that trial counsel failed to subject the prosecution's case in chief  to any semblance of an

5    adversarial test, and raising eight specific claims.

6        The law governing ineffective assistance of counsel claims is clearly established for the purposes

7    of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe, 151 F.3d 1226,

8    1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel,

9    the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064

10    (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's

11    performance was deficient, requiring a showing that counsel made errors so serious that he or she was

12    not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The

13    petitioner must show that counsel's representation fell below an objective standard of reasonableness,

14    and must identify counsel's alleged acts or omissions that were not the result of reasonable professional

15    judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344,

16    1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges

17    a strong presumption that counsel's conduct falls within the wide range of reasonable professional

18    assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d

19    1446, 1456 (9th Cir.1994).

20        Second, the petitioner must demonstrate that "there is a reasonable probability that, but for

21    counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner

22    must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result

23    is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was

24    fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d

25    at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

26        A court need not determine whether counsel's performance was deficient before examining the

27    prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697,

28    104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency

1   that does not result in prejudice must necessarily fail. However, there are certain instances which are

2   legally presumed to result in prejudice, e.g., where there has been an actual or constructive denial of the

3   assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466

4   U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25

5   (1984).

6         Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong

7   of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000). "Under

8   the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court

9   identifies the correct governing legal principle from [United States Supreme Court] decisions but

10  unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The

11  habeas corpus applicant bears the burden to show that the state court applied United States Supreme

12  Court precedent in an objectively unreasonable manner.   Price v. Vincent, 538 U.S. 634, 640 (2003).

13        Petitioner claims  that trial counsel was ineffective for advising him to testify, which  resulted

14  in evidence of his prior convictions being used for impeachment.  As Respondent argues, Petitioner has

15  failed to show any prejudice resulting from counsel's advice to testify.  Petitioner was identified by two

16  witnesses as acting as a look out while Jeanne Cintron stuffed stolen merchandise into a J.C. Penny bag.

17  Petitioner told the store's loss prevention officer he that knew Cintron.  Without explanation for his

18  unusual behavior in the store, a jury could have easily convicted Petitioner.   Having Petitioner testify

19  was the only way to present Petitioner's explanation to the jury, and was a classic tactical decision by

20  counsel. A difference in opinion as to trial tactics does not constitute denial of effective assistance,

21  United States v. Mayo, 646 F.2d 369, 375 (9th Cir.), *cert. denied sub. nom., Dondich v. United States,*

22  454 U.S. 1127 (1981), and tactical decisions are not ineffective assistance simply because in retrospect

23  better tactics are known to have been available.  Bashor v. Risley, 730 F.2d 1228, 1241 (9th Cir.), *cert.*

24  *denied,* 469 U.S. 838 (1984).

25        Petitioner claims that trial counsel was ineffective for advising him to stipulate to his prior theft

26  convictions.  Stipulating to the existence of Petitioner's seven charged prior convictions under Court 1

27  kept them from being admitted into evidence for the truth of the matter in the guilt phase of the trial.

28  The prosecution did later prove the prior convictions were true in the second part of the bifurcated trial.

1    Thus, as Respondent argues, Petitioner cannot show any prejudice to him by the stipulation.   Further,

2    Petitioner clearly benefitted from the stipulation.  While evidence of some of the prior convictions was

3    admitted for the limited purpose of impeachment when Petitioner testified, the court instructed the jury

4    that this evidence could only be considered for the purpose of determining Petitioner's credibility.

5            Petitioner claims that trial counsel was ineffective for failing to object to the prosecutor's

6    questioning of the store's loss prevention officer regarding suspicious activity .  The court finds nothing

7    objectionable in the prosecution's questioning of the officer's personal observations regarding activity

8    in the store.  Failure to make meritless objections does not constitute ineffective assistance of counsel.

9    See, James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994), *cert. denied*, 513 U.S. 935, 115 S.Ct. 333 (1994)

10   (holding that an attorney's failure to make a futile motion is not ineffective assistance of counsel); Shah

11   v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989) (Counsel's failure to raise meritless legal argument

12   does not constitute ineffective assistance of counsel).  Petitioner's counsel's failure to object to the

13   prosecution's questioning of  the store's loss prevention officer regarding suspicious activity did not

14   amount to ineffective assistance.

15           Petitioner claims that trial counsel was ineffective for failing to object to the prosecutor's leading

16   questioning of the store's loss prevention officer about observing Petitioner "looking around."  Again,

17   there was nothing objectionable in this questioning of the officer's personal observations, and

18   Petitioner's failure to object did not constitute ineffective assistance of counsel.

19           Petitioner claims that trial counsel was ineffective for failing to cross-examine the People's

20   witnesses.  As demonstrated by the record in this case, trial counsel did cross examine the prosecution

21   witnesses and there is no basis for Petitioner's claim that he failed to do so.  Further, Petitioner has failed

22   to demonstrate that the result of the trial would have been different with further cross-examination and

23   so has failed to demonstrate prejudice.

24           Petitioner claims that his trial attorney was ineffective for advising him to bifurcate the trial and

25   waive the jury as to the truth of the prior convictions.  As stated above, the record shows that the

26   prosecution had proof of the prior convictions, and the jury would have found the prior conviction

27   allegations to be true.  Further, the record shows that the trial court properly advised Petitioner of his

28   right to a jury trial, and that he waived that right.   This court therefore finds that Petitioner cannot

1  demonstrate prejudice.

2       In light of the above, the court concludes that Petitioner cannot carry his burden in regard to his

3  contention that he received ineffective assistance of trial counsel, because he cannot demonstrate that

4  the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

5  application of, clearly established Federal law, as determined by the Supreme Court of the United

6  States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light

7  of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, this claim

8  presents no basis for habeas corpus relief.

9  Ineffective Assistance of Appellate Counsel

10      Petitioner contends that he received ineffective assistance of appellate counsel, arguing that

11  counsel raised none of the issues Petitioner instructed him to raise.  Petitioner also claims that appellate

12  counsel failed to raise any arguable issues.

13      Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the

14  Fourteenth Amendment.  Evitts v. Lucey, 469 U.S. 387, 391-405 (1985).  Claims of ineffective

15  assistance of appellate counsel are reviewed according to Strickland 's two-pronged test.  Miller v.

16  Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986);

17  See, also, Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 353-54 (1988) (holding that where a defendant

18  has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland

19  standard does not apply and prejudice is presumed; the implication is that Strickland does apply where

20  counsel is present but ineffective).

21      To prevail, a petitioner must show two things.  First, he must establish that appellate counsel's

22  deficient performance fell below an objective standard of reasonableness under prevailing professional

23  norms.  Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064 (1984).  Second, a

24  petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but

25  for counsel's unprofessional errors, she would have prevailed on appeal. Id. at 694. A "reasonable

26  probability" is a probability sufficient to undermine confidence in the outcome. Id. The relevant inquiry

27  is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable.

28  Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even

1  stronger for appellate counsel because he has wider discretion than trial counsel in weeding out weaker

2  issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance. Miller v.

3  Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).

4       Appealing every arguable issue would do disservice to a petitioner because it would draw an

5  appellate judge's attention away from stronger issues and reduce appellate counsel's credibility before

6  the appellate court. Id.  Appellate counsel has no constitutional duty to raise every nonfrivolous issue

7  requested by a petitioner. Id at 1434 n10 (citing Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308

8  (1983)).  Here, Petitioner lists several issues he believes appellate counsel should have raised, but does

9  not in any way demonstrate a reasonable probability that, but for counsel's failure to raise these issues,

10  he would have prevailed on appeal.  See Strickland, 466 U.S. at 694.  Petitioner has therefore not met

11  his burden on habeas corpus and this contention provides no basis for relief.

12  Admission of Hearsay Statements and Right to Confrontation

13       Petitioner contends that the trial court erred in admitting hearsay statements at the preliminary

14  hearing through the testimony of Fresno Police Officer Medina and that his right to confront witnesses

15  was violated.  Petitioner also contends that his right to confrontation under Crawford v. Washington, 541

16  U.S. 36 (2004) was violated when the court permitted the officer to testify at trial concerning the

17  statements of Cintron.

18       The Confrontation Clause of the Sixth Amendment gives a defendant the right "to be confronted

19  with the witnesses against him."  "[T]he Confrontation Clause guarantees only 'an opportunity for

20  effective cross-examination, not cross-examination that is effective in whatever way, and to whatever

21  extent, the defense might wish.'" Kentucky v. Stincer, 482 U.S. 730, 739, 107 S.Ct. 2658 (1987) (quoting

22  Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292 (1985).  "The Confrontation Clause includes no

23  guarantee that every witness called by the prosecution will refrain from giving testimony that is marred

24  by forgetfulness, confusion, or evasion.  To the contrary, the Confrontation Clause is generally satisfied

25  when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-

26  examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the

27  witness' testimony."  Fensterer, 474 U.S. at 21-22, 106 S.Ct. 292.

28       There is no constitutional right to a preliminary hearing to determine whether a case should

1    proceed to trial.  Hines v. Enomoto, 658 F.2d 667, 677 (9ᵗʰ Cir. 1981).  The Crawford decision, which

2    overruled prior Supreme Court case governing admission of hearsay statements in criminal trials over

3    Confrontation Clause objection , does not effect the admissibility of evidence at a preliminary hearing.

4    Further, Crawford  does not apply retroactively on collateral review.   Whorton v. Bockting, 127 S.Ct.

5    1173 (2007).  Finally, although the prosecutor attempted to keep the hearsay evidence out based on

6    hearsay, Petitioner actually moved to have the hearsay statements admitted, knowing that he would not

7    have the opportunity to cross-examine the unavailable witness.

8            In light of the above, the court finds that Petitioner cannot carry his burden and that this petition

9    presents no basis for habeas corpus relief.

10   Use of Prior Convictions

11           Petitioner contends that the trial court erred in finding that Petitioner had suffered prior serious

12   felonies, and erred in using the prior convictions for enhancing his sentence.  The question of whether

13   Petitioner's prior convictions amounted to serious felonies under California's Three Strikes Law is a

14   matter of state law.  A determination of state law by a state appellate court is binding in a federal habeas

15   action,  Hicks v. Feiock, 485 U.S. 624, 629 (1988), unless the interpretation is an "obvious subterfuge

16   to evade consideration of a federal issue."  Mullaney v. Wilbur , 421 U.S. 684, 691 n. 11 (1975); see

17   Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (federal habeas court must respect a state court's application

18   of its own law and must not engage in de novo review);  Clemons v. Mississippi, 494 U.S. 738, 739-40

19   (1990) (a federal court has no basis for disputing a state's interpretation of its own law). The court finds

20   that   Petitioner has not demonstrated any such obvious subterfuge in regard to his prior felony

21   convictions.  Accordingly, the court concludes that this claim presents no basis for habeas corpus relief.

22           Based on the foregoing, IT IS HEREBY RECOMMENDED  as follows:

23   1)      that the petition for writ of habeas corpus be DENIED;

24   2)      that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

25

26           These Findings and Recommendation are submitted to the assigned United States District Court

27   Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules

28   of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days

after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 28, 2008       /s/ William M. Wunderlich**
                               UNITED STATES MAGISTRATE JUDGE